

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| ERNEST RAYMOND ROBERTS, § | |
| Petitioner, § | |
| § | Criminal Action No. 1:17-00178-MGL-1 |
| vs. § | Civil Action No. 1:19-00621-MGL |
| § | |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |
| § | |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND
DISMISSING WITH PREJUDICE THE PETITION**

**I.   INTRODUCTION**

Petitioner Ernest Raymond Roberts (Roberts), proceeding pro se, brought a motion to vacate his sentence (Roberts's motion or Petition) alleging ineffective assistance of counsel. The Court has jurisdiction over this case under 28 U.S.C. § 2255.

Pending before the Court are Roberts's motion and Respondent United States of America's (Respondent) motion to dismiss. Having carefully considered Roberts's motion, Respondent's motion, Roberts's response, the record, and the applicable law, it is the judgment of the Court Respondent's motion to dismiss will be granted and Roberts's motion will be dismissed with prejudice.

## II. FACTUAL AND PROCEDURAL HISTORY

The grand jury indicted Roberts on one count of possession with intent to distribute cocaine. He proceeded to trial, where he was represented by counsel, Jeremy Thompson (Thompson). During deliberations, the jury sent a note to the Court stating the jury remained deadlocked after a day of deliberations. The Court, over the objection of Thompson, provided an *Allen* charge to the jury. After further deliberations, the jury found Roberts guilty of the charged offense.

Thompson represented Roberts at trial and on appeal. In the appeal, Thompson challenged whether the Court abused its discretion in admitting the drugs into evidence under Federal Rule of Evidence 901(a). Thompson requested and received transcripts of portions of the trial for the appeal. The Fourth Circuit affirmed the Court's ruling on November 13, 2018. Roberts timely filed this motion on March 1, 2019. Respondent filed its motion to dismiss the Petition and Roberts filed a response to that motion.

## III. STANDARD OF REVIEW

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate two elements: 1) "counsel's performance was deficient," and 2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 486 U.S. 668, 687 (1984).

The first element analyzes whether trial counsel provided "reasonably effective assistance." *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

The second element "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The defendant raising an ineffective assistance challenge has an affirmative obligation to prove prejudice. *Id.* at 693.

## IV. DISCUSSION AND ANALYSIS

Roberts raises two arguments for ineffective assistance of counsel he says requires vacating his sentence: 1) Thompson neglected to request and receive a full, complete, and accurate transcript of the trial proceedings for appeal, and 2) Thompson failed to appeal the Court's language in the provided *Allen* charge. Both arguments lack merit and the Court addresses each in turn.

### A. *Whether failure to request a full transcript of all trial court proceedings constitutes ineffective assistance of counsel*

Roberts argues he received deficient representation for his appeal because Thompson failed to "take any steps to obtain the full record" from the trial below. Motion to Vacate Sentence at 6. He alleges Thompson improperly failed to request transcripts of the preliminary jury instructions, both parties' opening statements, both sides arguments on defendant's motion to dismiss at trial, and both parties' closing arguments. Memorandum of Law in Support of Petitioner's Motion to Vacate at 10.

The *Strickland* presumption of reasonable assistance extends to appellate counsel, with deference provided to counsel's decision on "which issues were most likely to afford relief on appeal." *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000). "Counsel is not obligated to assert all nonfrivolous issues on appeal" as the Fourth Circuit recognizes the importance of "selecting the most promising issues for review." *Id.* "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Id.*

3

The record demonstrates Thompson made the reasonable decision to request only certain relevant transcripts. As trial counsel, he was intimately familiar with the trial proceedings and did not think there was an appealable issue from the portions of the proceeding Roberts cites. Thompson Affidavit ¶ 6. There is certainly nothing to indicate a "clearly stronger" appellate issue resides in the transcripts not requested. Nor has Roberts raised any specific allegation such exists, merely stating the absence of those transcripts "prevented counsel from being able to raise instructional errors, substantive errors and cumulative errors on direct appeal." Response to Motion to Dismiss at 2.

The decision to request only certain transcripts was part of the reasonable appellate strategy effectuated by Thompson. Additionally, Roberts failed to show the transcripts contain anything capable of changing the outcome of his appeal. Accordingly, Roberts's argument this decision constitutes ineffective assistance of counsel fails.

### B. *Whether the failure to appeal the* **Allen** *charge issue constitutes ineffective assistance of counsel*

Roberts also argues he was prejudiced by Thompson's failure to appeal the Court's specific *Allen* charge given at his trial. As part of that charge, the Court instructed the jury as follows:

> Each juror who finds himself or herself in the minority should reconsider his or her views in light of the opinions of the majority. And each juror who finds himself or herself in the majority should give equal consideration to the views of the minority. No juror should surrender his or her honest conviction as to the weight or effect of the evidence solely because of the opinion of his or her fellow jurors, or for the mere purpose of returning a verdict.

Trial Transcript from August 29, 2017, at 153:5-12. Roberts argues this improperly departed from the model instruction. *See United States v. Sawyer*, 423 F.2d 1335, 1342 n.7 (4th Cir. 1970) ("[E]ach juror who finds himself in the minority shall reconsider his views in the light of the

4

opinions of the majority and each juror who finds himself in the majority shall give equal consideration to the views of the minority.").

District Courts have the discretion to provide an *Allen* charge, when it would not "coerce the jurors to abandon their views." *United States v. Cornell*, 780 F.3d 616, 626 (4th Cir. 2015). The issue here comes down to the Model's Instruction's use of the term "shall" and the Court's use of the term "should."

Although Thompson states "[t]o the extent that there is a meaningful difference between the words 'should' and 'shall,' the difference favors the Defendant[,]" Thompson Affidavit ¶ 8, the Court concludes there is no meaningful difference between the two words at all. *See Shall*, Black's Law Dictionary (11th ed. 2019) (defining shall as should).

Thompson made the reasonable decision an appellate challenge of the *Allen* charge issue would be unfruitful. Further, Roberts fails to demonstrate an appeal on the issue would have been successful. The proposed change by Roberts would have no substantive effect on the *Allen* charge and therefore the Court is confident appellate review would affirm the charge.

## V. CONCLUSION

Accordingly, Respondent's motion to dismiss is **GRANTED**, and the Petition is **DISMISSED WITH PREJUDICE**.

To the extent Roberts requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED.**

Signed this 24th day of October 2019 in Columbia, South Carolina.

                                        s/ Mary Geiger Lewis
                                        MARY GEIGER LEWIS
                                        UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.