

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | CRIMINAL ACTION NO.: 1:17-0178-MGL-1 |
| § | |
| ERNEST RAYMOND ROBERTS, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

**I.      INTRODUCTION**

Pending before the Court is Defendant Ernest Raymond Roberts's (Roberts) pro se motion to reduce his sentence due to the COVID-19 pandemic and the First Step Act. Having carefully considered the motion, the response, the replies, the record, and the applicable law, it is the judgment of the Court Roberts's motion to reduce his sentence will be denied.

**II.     FACTUAL AND PROCEDURAL HISTORY**

A jury convicted Roberts of one count of knowingly, intentionally, and unlawfully possessing with intent to distribute and distributing a quantity of cocaine base ("crack" cocaine) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count One). On March 20, 2018, the Court sentenced him to a term of 180 months of imprisonment and a six-year term of supervised release with standard conditions. Roberts is currently housed at United States Penitentiary Yazoo City with a projected release date of March 9, 2030.

Roberts filed a motion for compassionate release in May 2020, which the Court denied without prejudice to allow Roberts to exhaust his remedies. That motion sought relief due to the COVID-19 pandemic only. Roberts filed the instant motion in June 2021, which seeks relief based on the COVID-19 pandemic under 18 U.S.C. § 3582(c), under the First Step Act, and under the United States Sentencing Guidelines. The government responded and Roberts filed several replies. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III.     LEGAL STANDARD

A court may modify a term of imprisonment under only three specific circumstances. First, it may revise a sentence as "permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.]" 18 U.S.C. § 3582(c)(1)(B); *see also* Fed. R. Crim. P. 35 (allowing a reduction in sentence upon a motion by the government based on substantial assistance from the defendant or within fourteen days of the sentence when there is a clear error in the sentence).

Second, a court may amend a sentence when the imposed "term of imprisonment [is] based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). Third, it may reduce a sentence if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the First Step Act).

The court may only modify a term of imprisonment upon motion of the defendant after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.* The Court must also consider

"the factors set forth in section 3553(a) to the extent that they are applicable" before reducing a sentence. *Id.* § 3582(c)(1)(A). Upon reduction, the Court may impose a term of probation or supervised release less than or equal to the unserved portion of the original term of imprisonment. *Id.*

"There is as of now no 'applicable' policy statement governing compassionate-release motions by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal quotation and alteration marks omitted).

But, Section 1B1.13 of the Sentencing Guidelines, which applies to motions for a reduction in sentence filed by the BOP, provides "helpful guidance" to courts. *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021) (quoting *McCoy*, 981 F.3d at 282 n.7). Section 1B1.13 provides that the Court may reduce a term of imprisonment if the Court determines "(1)[] extraordinary and compelling reasons warrant the reduction; . . . (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with this policy statement." U.S.S.G. §1B1.13.

Ultimately, however, the determination of whether extraordinary and compelling reasons exist in a particular case is a question reserved to the sound discretion of the district court.

## IV.    DISCUSSION AND ANALYSIS

### A.     *Whether Roberts has exhausted his administrative remedies*

Roberts argues that his sentence should be reduced based on extraordinary and compelling circumstances on two grounds: the threat posed by the COVID-19 pandemic and changes to the law under Section 401 of the First Step Act. The government counters that Roberts has failed to

3

exhaust his remedies regarding his Section 401 arguments. *See United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021) ("to properly exhaust, an inmate is required to present the same or similar ground for compassionate release in a request to the Bureau as in a motion to the court."). The Court agrees that at the time Roberts filed his motion, he had failed to present his Section 401 arguments to the BOP.

In the intervening months, however, Roberts sent another request to the warden of his facility. In that request, he sought compassionate release: (1) under 18 U.S.C. § 3582(c), because of the threat posed by the COVID-19 pandemic; (2) under *United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020) (directing a district court to apply Section 404 of the First Step Act to retroactively recalculate the guideline range to reflect intervening changes to the career offender designation); and (3) under Amendment 709 of the United States Sentencing Guidelines (Amendment 709). Although this request fails to cite the First Step Act explicitly, the Court determines that the grounds presented in this new request are sufficiently similar to those presented in Roberts's motion to exhaust his remedies.

More than thirty days have elapsed since August 26, 2021, when Roberts sent this new request. *See* 18 U.S.C. § 3582(c)(1)(A) (A defendant may move the Court for compassionate release after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]"). Thus, the Court may consider the merits of all grounds raised by Roberts.

      **B.**     *Whether Roberts presents extraordinary and compelling reasons due to COVID-19 warranting a reduction of his sentence under 18 U.S.C. § 3582(c)*

As the Court noted above, it may reduce a defendant's sentence under Section 3582(c) only if it concludes extraordinary and compelling reasons warrant such a reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i) (setting forth the compassionate release standard). The Court must also

consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable[.]" *Id.* § 3582(c)(1)(A).

Roberts posits the COVID-19 pandemic constitutes extraordinary and compelling reasons for his release. The government, however, points to the BOP's COVID-19 response and Roberts's lack of personal risk to contend that compassionate release is unwarranted.

As the government avouches, the BOP has administered over 300,000 doses of the vaccine. Roberts himself has received the Pfizer vaccine. Although the risk of an inmate contracting COVID-19 and suffering adverse health consequences has certainly not disappeared, it has been greatly reduced by BOP's efforts and the prevalence of the vaccine.

And, Roberts fails to claim that he has any personal circumstances or conditions that entitle him to relief. He lacks any serious medical condition; nor do his age or family circumstances create extraordinary and compelling reasons. Even though BOP has yet to entirely eliminate risk at his facility, because Roberts faces no increased danger, he fails to show extraordinary or compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c).

### C.     *Whether Roberts presents any other reason to reduce his sentence*

Roberts also insists the Court should reduce his sentence under the First Step Act and the United States Sentencing Guidelines. First, the Court determines that Roberts, through his reference to *Chambers*, makes an argument under Section 404 of the First Step Act. The government insists Roberts is unqualified for a reduction under that Section. Although Section 404 grants retroactive relief, it allows for resentencing only for certain offenses committed before the enactment of the Fair Sentencing Act of 2010. *See, e.g.*, *Chambers*, 956 F.3d at 670 (applying retroactive relief for a sentence originally imposed in 2005). Roberts committed the instant offense

in 2016, well after the Fair Sentencing Act went into effect in August 2010. Thus, Section 404 is inapplicable to Roberts.

Next, the Court liberally interprets Roberts's motion to also include a request for a reduced sentence under Section 401 of the First Step Act. As the government points out, however, Congress declined to apply Section 401 retroactively in cases where a sentence has already been imposed. *See id.* at § 401(c) ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."). The Court sentenced Roberts in March 2018. The First Step Act was enacted nine months later, in December 2018. Thus, Section 401 fails to provide Roberts any relief.

Finally, Roberts contends Amendment 709 provides him relief, but fails to explain this argument. The government neglects to address this contention. The Court's search of Amendment 709 failed to reveal any provision that would warrant a reduced sentence. Further, Amendment 709 went into effect in 2007, and was thus applicable and considered at sentencing. Nothing has changed since sentencing such that a sentence reduction is warranted.

Nor do the Sentencing Guidelines otherwise provide relief. Roberts was properly designated as a Career Offender because he was over eighteen when he committed the crime of conviction, which was a controlled substance felony offense, and had previously been convicted of at least two prior felony convictions of either a crime of violence or a controlled substance offense. *See* U.S.S.G. § 4B1.1(a) (defining "career offender"); U.S.S.G. § 4B1.2(a)–(b) (explaining a prior conviction qualifies as a felony conviction if it is "punishable by imprisonment for a term exceeding one year.").

### D.    *Whether the Section 3553(a) factors weigh in favor of release*

Even if the Court determined extraordinary and compelling circumstances exist in this case, analysis of the Section 3553(a) factors would preclude release.  *See* 18 U.S.C. § 3582(c)(1)(A) (the Court may grant compassionate release only "after considering the factors set forth in section 3553(a) to the extent that they are applicable[.]").  These factors include

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) "the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes by the defendant;
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the offense] . . .
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Roberts distributed significant amounts of crack cocaine, a serious offense.  Roberts has a significant criminal history, including prior drug convictions.  The Court noted at sentencing that drug distribution seemed to be "a livelihood" for Roberts and he "engaged in [it] for years and repeatedly."  Sentencing Tr. at 30.  And, the Court noted that it had not "seen any adjustments to [Robert's] behavior after any of the punishments that [he] ha[d] been given in the past[.]"  *Id.* at 31.  Nevertheless, the Court considered at sentencing that Roberts "has not engaged in . . . violent arms accompanied crimes" and so granted Roberts's motion for a variance.  *Id.* at 32.

Overall, Roberts's 180-month sentence is not of an "unusual length" creating a "gross disparity[.]" *McCoy*, 981 F.3d at 285 (internal quotation omitted). Although Roberts has completed several courses and certificates already during his incarceration, which the Court finds admirable, this alone fails to change the Court's analysis under the Section 3553(a) factors.

The balance of the factors is unchanged since his sentencing and fail to warrant relief. Accordingly, the Section 3553(a) factors also weigh against a reduced sentence.

### V.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Roberts's motion to reduce his sentence, ECF No. 145, is **DENIED**; and Roberts's motion for appointed counsel is **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 21st day of June 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
